# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|  |  |
|---|---|
| **TROY MERRITT,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MGC SPORTS LLC**<br><br>    **Defendants.** | **Docket No.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW**,** the above-named Plaintiff, Troy Merritt ("Merritt"), by and through his counsel of record, and pursuant to 28 U.S.C. § 2201, *et seq.*, files this Complaint for Declaratory Judgment and for a cause of action against Defendant MGC Sports LLC ("MCG Sports") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Merritt is a resident of Meridian, Idaho. Merritt is a professional golfer and member of the Professional Golfers Association ("PGA") Tour for 2017-2018.

2. MGC Sports is a South Carolina limited liability company with its principal place of business in Nashville, Tennessee. MGC Sports may be served with process via its registered agent for service of process, Alan Bullington, 201 4th Avenue North, Suite 1400, Nashville, Tennessee 37219. MGC Sports is a sports agency representing, among others, professional golfers. Upon information and belief, MGC Sports is owned in full or in part by McAngus Goudelock & Courie ("MGC"), an insurance defense law firm with fourteen (14) offices throughout the Southeastern United States.

3. Merritt brings this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57.

4. Pursuant to 28 U.S.C. § 2202, Merritt joins in this lawsuit all persons and/or entities that claim any interest which may be affected by the determination of this action.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 based upon the current demands of MGC Sports. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

6. Merritt has played professional golf for a living since 2008. Merritt is currently playing in his seventh year on the PGA Tour.

7. Since the time Merritt first began playing professional golf, he has been exclusively represented by the same agent, Peter Webb ("Webb"). Having worked closely together for almost a decade, Merritt and Webb have forged a strong bond.

8. Webb is a former employee of 1 Degree Sports Management, LLC ("1 Degree"), which at one time was a sports agency. On or about November 25, 2014, Merritt and 1 Degree entered into a professional services agreement (the "Agreement"), a copy of which is attached to this Complaint as Exhibit 1.

9. The Agreement contains a termination date of December 31, 2017, but is otherwise silent as to how it may be terminated by either party.

10. Upon information and belief, in 2016, MGC Sports acquired and/or merged with 1 Degree. Prior to the completion, and as a direct result, of the acquisition/merger, Webb terminated his employment with 1 Degree. Merritt, wanting to retain Webb as his exclusive

agent, provided written notification to MGC Sports CEO Alan Bullington ("Bullington") that Merritt wished to terminate the Agreement. Merritt had no dealings with any other agent or employee associated with or employed by 1 Degree other than Webb. While employed by 1 Degree, Webb solely negotiated, secured, and managed all of Merritt's golf endorsement contracts, corporate endorsement contracts, appearances, outings, and other income producing opportunities.

11. Bullington agreed to and accepted Merritt's request to terminate the Agreement as of December 31, 2016, subject to the Agreement's compensation provisions, some of which require payments in perpetuity to 1 Degree.

12. Upon information and belief, following the acquisition/merger with MGC Sports, 1 Degree no longer has any employees, as all of 1 Degree's employees are now MGC Sports employees and receive pay and benefits solely from MGC Sports. Upon information and belief, all 1 Degree employees were required to assign the terms of their employment agreements to MGC Sports and/or MGC. Upon information and belief, following the acquisition/merger with MGC Sports, 1 Degree maintains no office space, as its entire business operations are now subsumed within MGC Sports. Upon information and belief, following the acquisition/merger with MGC Sports, 1 Degree no longer has any assets and does not maintain any presence as a going business concern and/or sports agency. All agency promotions, promotional literature, presentations, etc. are conducted solely by MGC Sports.

13. The Agreement expressly states that it "cannot be assigned without prior written consent of both parties." Merritt never consented in writing (or otherwise) to the assignment of the Agreement to MGC Sports.

14. MGC Sports, not 1 Degree, has to date invoiced Merritt $70,425.00 for amounts MGC Sports claims Merritt owes in 2017 as compensation pursuant to the Agreement. MGC Sports has further indicated that it intends to invoice Merritt for similar additional amounts in 2018.

15. As compensation for Webb's agent services through 1 Degree, Merritt agreed to pay 1 Degree, not MGC Sports, a certain percentage of Merritt's golf endorsement contracts, corporate endorsement contracts, and other income producing opportunities.

16. With respect to Merritt's golf endorsement contracts, Section 2.1 of the Agreement states that Merritt will pay 1 Degree twelve percent (12%) of Merritt's gross income from such agreements if they are "negotiated (in full or in part), secured (in full or in part) or managed (in full or in part)" by 1 Degree. Section 2.1 of the Agreement also states that 1 Degree is "entitled to receive" the twelve percent (12%) compensation from Merritt "for the contractual term of any golf endorsement or usage contracts negotiated, secured, or managed … by 1 Degree" regardless of the duration of such golf endorsement or usage contracts.

17. MGC Sports did not negotiate or secure any of Merritt's golf endorsement or usage contracts or similar agreements contemplated by Section 2.1 of the Agreement. MGC Sports does not manage any of Merritt's golf endorsement or usage contacts or similar agreements contemplated by Section 2.1 of the Agreement. Webb solely negotiated and secured all of Merritt's golf endorsement or usage contracts or similar agreements. Currently, Webb personally manages all of Merritt's golf endorsement or usage contracts or similar agreements.

18. With respect to Merritt's corporate endorsement contracts, Section 2.3 of the Agreement states that that Merritt will pay 1 Degree twenty percent (20%) of Merritt's gross income from such agreements if they are "negotiated (in full or in part), secured (in full or in

part), or managed (in full or in part)" by 1 Degree. Section 2.3 of the Agreement also states that 1 Degree is "entitled to receive" the twenty percent (20%) compensation from Merritt "for the contractual term of any golf endorsement or usage contracts negotiated, secured, or managed … by 1 Degree" regardless of the duration of such golf endorsement or usage contracts. Section 2.3 of the Agreement further states that all renewals of Merritt's corporate endorsement contracts "initially negotiated (in full or in part), secured (in full or in part) or managed (in full or in part)" by 1 Degree "but renewed or renegotiated on [Merritt's] behalf by a third-party after effective termination of this Agreement shall be subject to a perpetual fifteen percent (15%) commission" payable to 1 Degree "even if the renegotiated terms differ from the original terms negotiated by 1 Degree."

19. MGC Sports did not negotiate or secure any of Merritt's corporate endorsement or similar agreements contemplated by Section 2.3 of the Agreement. MGC Sports does not manage any of Merritt's corporate endorsement or similar agreements contemplated by Section 2.3 of the Agreement. Webb solely negotiated and secured all of Merritt's corporate endorsement or similar agreements. Currently, Webb personally manages all of Merritt's corporate endorsement or similar agreements.

20. Included within the $70,425.00 invoice from MGC Sports is an amount ($14,000.00) arising from Merritt's corporate endorsement agreement with World Fuel Services Corporation that Bullington previously agreed in writing that MGC Sports would not seek as compensation under the terms of the Agreement.

21. Because 1 Degree purportedly assigned Merritt's Agreement to MGC Sports without Merritt's consent or authorization, MGC Sports is not entitled to any current or future compensation allegedly due and owing from Merritt to MGC Sports.

# PRAYER FOR RELIEF

WHEREFORE, Merritt prays for a declaratory judgment in his favor and against MGC Sports as follows:

1. That MCG Sports, who is not a party to the Agreement, be precluded from enforcing the compensation terms of the Agreement against Merritt, who did not consent to the Agreement's assignment and terminated the Agreement as of December 2016;

2. Alternatively, that if Merritt is required to compensate MGC Sports, that such compensation be limited to the term of the Agreement only – December 31, 2017 – and that no compensation by Merritt shall be required beyond the December 31, 2017, date of termination contained in the Agreement;

3. Alternatively, that any and all perpetual compensation obligation(s) by Merritt contained in the Agreement be deemed voidable and/or unenforceable;

4. Alternatively, that Merritt is not obligated to compensate MGC Sports for Merritt's corporate endorsement contract with World Fuel Services Corporation as previously agreed to by Bullington;

5. For reasonable costs incurred in pursuing this action; and

6. For such other and further relief as this Court deems just, equitable and proper under the circumstances.

Respectfully submitted this 13th day of October, 2107.

By /s/ William J. Carver
William J. Carver, BPR # 022718
Kramer Rayson, LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629
(865) 525-5134
wcarver@kramer-rayson.com

Rory R. Jones   *to be admitted pro hac vice*
Christopher P. Graham *to be admitted pro hac vice*
Jones Gledhill Fuhrman Gourley, P.A.
P.O. Box 1097
225 N. 9th Street, Suite 820
Boise, Idaho 83701
(208) 331-1170
rjones@idalaw.com
cgraham@idalaw.com

*Attorneys for Plaintiff Troy Merritt*